UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

PROVIDENCIA MARTELL, for herself
and on behalf of others similarly situated,

     Plaintiff, (s)

v.

SUKKAH MIAMI BEACH ACQUISITIONS LLC,
PEBB CAPITAL MANAGEMENT LLC
a/k/a HAMPTON INN MID BEACH BY HILTON

     Defendant,
_____/

**COMPLAINT**
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff PROVIDENCIA MARTELL, for herself and on behalf of other similarly situated individuals, by and through the undersigned counsel, hereby sue Defendant SUKKAH MIAMI BEACH ACQUISITIONS LLC, and PEBB CAPITAL MANAGEMENT LLC, a/k/a HAMPTON INN MID BEACH BY HILTON, and alleges:

INTRODUCTION

1. Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§201, *et seq*. ("the Act"). Section 216 (b) for jurisdictional placement).

2. Plaintiff contends that Defendants, in this case, violated the Fair Labor Standards Act by failing to pay the Plaintiff and other similarly situated individuals the proper compensation for every overtime hour worked at the rate of time and one-half their regular rate.

## JURISDICTION AND VENUES

3. This is an action to recover money damages for unpaid half-time overtime wages under the United States laws. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

4. The venue is proper in this Court because all the actions raised in this complaint took place in Dade County, Florida, within the jurisdiction of this Court.

## PARTIES

5. At all times material to this action, Plaintiff PROVIDENCIA MARTELL, was a resident of Dade County within the jurisdiction of this Court. Plaintiff is a covered employee for purposes of the Act.

6. Corporate Defendants SUKKAH MIAMI BEACH ACQUISITIONS LLC, PEBB CAPITAL MANAGEMENT LLC, a/k/a HAMPTON INN MID BEACH BY HILTON are foreign corporations registered to do business in Florida. Defendants have the same place of business in Palm Beach County, Florida. Defendants are related companies operating the Hampton Inn Mid Beach by Hilton, located in Miami Beach, FL.

7. Hereinafter, Defendants SUKKAH MIAMI BEACH ACQUISITIONS LLC, and PEBB CAPITAL MANAGEMENT LLC, a/k/a HAMPTON INN MID BEACH BY HILTON will be called collectively HAMPTON INN MID BEACH BY HILTON, or Defendant)

8. At all times material to this action, Defendant HAMPTON INN MID BEACH BY HILTON was Plaintiff's employer, within the meaning of §203 of the FLSA.

9. All the actions raised in this complaint took place in Miami Beach, Dade County, Florida, within this Court's jurisdiction.

## GENERAL ALLEGATIONS

10. This cause of action is brought by Plaintiff PROVIDENCIA MARTELL as a collective action to recover from Defendant HAMPTON INN MID BEACH BY HILTON unpaid half-time overtime compensation, liquidated damages, and the costs and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT"). Plaintiff also bring this action on behalf of all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked more than forty (40) hours during one or more weeks on or after August 2019, (the "material time") without being adequately compensated.

11. Defendant HAMPTON INN MID BEACH BY HILTON is a Florida business that provides hospitality services. Defendant operates the Hampton Inn Mid Beach by Hilton, a luxury hotel and resort, located at 4000 Collins Avenue, Miami Beach 33140, where Plaintiff and other similarly situated individuals worked.

12. Defendant employed Plaintiff PROVIDENCIA MARTELL from approximately August 26, 2019, to February 22, 2021, or 78 weeks. However, for FLSA purposes, Plaintiff's relevant period of employment is 53 weeks. (Plaintiff did not work for 10 weeks during the Covid-19 quarantine, and then she was absent for 15 weeks due to a work-related injury).

13. Plaintiff was hired as a non-exempted, full-time, hourly housekeeper and head-housekeepers. Plaintiff was paid a salary of $826.92 weekly.

14. Within her relevant employment period with Defendant, Plaintiff was misclassified as a "Housekeeping Manager." However, Plaintiff was just a head-housekeeper with additional clerical and supervisory responsibilities.

15. Plaintiff's primary duty was cleaning and preparing rooms and facilities for the hotel's guests, assisting at least six other housekeepers to complete their daily assigned tasks. Plaintiff routinely replaced absent housekeepers. Plaintiff's duties also included laundering, keeping inventory of bed linen, maintaining supplies of toiletries, furnishings, garbage collection, and maintaining the cleanliness of the lobby, guest rooms, and public areas.

16. More than 85% of Plaintiff's duties were non-exempted manual, repetitive work, and the remaining 15% consisted of logistic and clerical work. Plaintiff did not have the authority to affect the employment conditions of other employees. Plaintiff just followed instructions from her managers.

17. While performing her numerous responsibilities, Plaintiff never exercised discretion and independent judgment concerning any matter, and she did not qualify to be considered an overtime-exempt employee.

18. During her relevant employment period with Defendant, Plaintiff had a regular schedule. Plaintiff worked five days per week from 7:30 AM to 5:30 PM.  Plaintiff worked an average of 50 hours weekly.  Plaintiff was not able to take bonafide lunch periods.

19. Plaintiff is not in possession of time and payment records, but she will provide a good faith estimate of unpaid overtime hours based on her best recollections.

20. Plaintiff worked more than 40 hours every week, she was paid the same salary regardless of the number of hours paid, but she was not paid for overtime hours.

21. Plaintiff' worked under the close supervision of Defendant's managerial staff, and she also received orders from manager Roberto Perez.

22. Plaintiff did not clock in and out, but the Defendant was in complete control of Plaintiff's schedule, and it was able to keep track of the time worked by Plaintiff and other similarly situated individuals.

23. Therefore, Defendant willfully failed to pay Plaintiff for all her overtime hours at the rate of time and one-half her regular rate for every hour that she worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

24. Plaintiff was paid bi-weekly with checks and paystubs that did not show the number of days and the real number of hours worked every week.

25. On or about August 20, 2020, Plaintiff had to take a leave due to an injury suffered while doing laundry work.

26. Plaintiff returned to work on or about December 02, 2020.  Plaintiff was unable to perform physically demanding work such as heavy lifting, vacuum, and janitorial cleaning upon her return.

27. Plaintiff requested to be assigned light duty temporarily, or in the alternative, a transfer to another position. Defendant denied Plaintiff's petition and fired Plaintiff on or about February 22, 2021.

28. Plaintiff PROVIDENCIA MARTELL seeks to recover half-time overtime wages for every hour worked over 40 in a week for all the relevant weeks that she worked for Defendant, liquidated damages, attorney fees, and any other relief as allowable by law.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION;

## **FAILURE TO PAY OVERTIME**

29. Plaintiff PROVIDENCIA MARTELL re-adopts every factual allegation as stated in paragraphs 1-28 above as if set out in full herein.

30. This action is brought by Plaintiff and those similarly situated to recover from the Employers HAMPTON INN MID BEACH BY HILTON unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207.  29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of her employees for a workweek longer than 40 hours unless such employee receives compensation for her employment in excess of the hours above specified at a rate not less than one and a half-time the regular rate at which she is employed."

31. At all times material to this action, Defendant was and continue to be an enterprise engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). The Defendants provides lodging services to the general public, and through its business activity, affects interstate commerce. The Defendant has more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources by using electronic devices to authorize credit card transactions.  At all times material to this action, the annual gross revenue of the Employer/Defendant was always more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

32. Plaintiff was employed by an enterprise engaged in interstate commerce. Plaintiff and those similarly situated worked as housekeepers, and through their daily activities, Plaintiff and

those similarly situated, not only regularly, handled, or otherwise worked on goods and/or materials that had been produced for commerce and moved in interstate commerce at any time in business, but Plaintiff's activities were directed to the maintenance of the facilities providing services in interstate commerce. Therefore, there is FLSA individual coverage.

33. Defendant HAMPTON INN MID BEACH BY HILTON employed Plaintiff PROVIDENCIA MARTELL from approximately August 26, 2019, to February 22, 2021, or 78 weeks. However, for FLSA purposes, Plaintiff's relevant period of employment is 53 weeks. (Plaintiff did not work for ten weeks during the Covid-19 quarantine, and then she was absent for 15 weeks due to a work-related injury).

34. Plaintiff was hired as a non-exempted, full-time, hourly housekeeper and head housekeeper. Plaintiff was paid a salary of $826.92 weekly.

35. Within her relevant employment period with the Defendant, Plaintiff was misclassified as a "Housekeeping Manager". However, Plaintiff was just a head-housekeeper with additional clerical and supervisory responsibilities.

36. More than 85% of Plaintiff's duties were non-exempted manual, repetitive work, and the remaining 15% consisted of logistic and clerical work. Plaintiff did not have the authority to affect the employment conditions of other employees. Plaintiff just followed instructions from her managers.

37. During her relevant employment period with Defendant, Plaintiff had a regular schedule. Plaintiff worked five days per week from 7:30 AM to 5:30 PM. Plaintiff worked an average of 50 hours weekly. Plaintiff was not able to take bonafide lunch periods.

38. Plaintiff is not in possession of time and payment records, but she will provide a reasonable faith estimate of unpaid overtime hours based on her best recollections.

39. Plaintiff worked more than 40 hours every week.  However, she was paid the same salary regardless of the number of hours worked. Defendant failed to pay Plaintiff for overtime hours.

40. Plaintiff worked under the supervision of Defendant's managerial staff. Plaintiff also received orders from manager Roberto Perez.

41. Plaintiff did not clock in and out, but Defendant was in complete control of Plaintiff's schedule, and it was able to keep track of the time worked by Plaintiff and other similarly situated individuals.

42. Therefore, Defendant willfully failed to pay Plaintiff for all her overtime hours at the rate of time and one-half her regular rate for every hour that she worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

43. Plaintiff was paid bi-weekly with checks and paystubs that did not show the number of days and the real number of hours worked every week.

44. The records, if any, concerning the number of hours worked by Plaintiff PROVIDENCIA MARTELL and all other similarly situated employees and the compensation paid to such employees should be in the possession and custody of Defendant.  However, Defendant did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class upon information and belief.

45.  Defendant violated the record-keeping requirements of FLSA, 29 CFR Part 516.

46. Prior to the completion of discovery and the best of Plaintiff's knowledge, at the time of the filing of this complaint, the Plaintiff's reasonable faith estimate of unpaid overtime wages are as follows:

*Please note that these amounts are based on a preliminary calculation that could be subject to modification as discovery could dictate.

    a. <u>Total amount of allegedly unpaid overtime wages</u>:

    Four Thousand Three Hundred Eighty-Three Dollars and 10/100 ($4,383.10)

    b. <u>Calculation of such wages</u>:

    Total time of employment: More than 78 weeks
    Total relevant period of employment: 53 weeks
    Total hours worked: 50 hours
    Total number of unpaid O/T hours: 10 hours
    Paid weekly: $826.92: 50 hours= $16.54
    Regular rate  $16.54: 2 = $8.27 half-time
    Half-time O/T: $8.27 an hour

    Half-time O/T rate $8.27 x 10 O/T hours=$82.70 weekly x 53 weeks=$4,383.10

,

    c. <u>Nature of wages (e.g., overtime or straight time)</u>:

    This amount represents the unpaid half-time overtime wages.

47. At all times material hereto, the Employer/Defendant HAMPTON INN MID BEACH BY HILTON failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that, Plaintiff and those similarly-situated performed services and worked over the maximum hours provided by the Act. Still, no provision was made by Defendant to properly pay Plaintiff at the rate of time and one half for all hours worked over forty hours (40) per workweek as provided in said Act.

48. Defendant HAMPTON INN MID BEACH BY HILTON knew and showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act, and Plaintiff and those similarly situated are entitled to recover double damages.

49. Defendant HAMPTON INN MID BEACH BY HILTON willfully and intentionally refused to pay Plaintiff overtime wages as required by the United States' law and remain

owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant, as set forth above.

50. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff PROVIDENCIA MARTELL and those similarly situated individuals respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff PROVIDENCIA MARTELL and other similarly situated and against the Defendant HAMPTON INN MID BEACH BY HILTON based on Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>JURY DEMAND</u>

Plaintiff PROVIDENCIA MARTELL and those similarly situated demand trial by a jury of all issues triable as of right by a jury.

DATED: March 22, 2021

                                              Respectfully submitted,

                                              By: **/s/ Zandro E. Palma**
                                              ZANDRO E. PALMA, P.A.
                                              Florida Bar No.: 0024031
                                              9100 S. Dadeland Blvd.
                                              Suite 1500
                                              Miami, FL 33156
                                              Telephone: (305) 446-1500
                                              Facsimile:  (305) 446-1502
                                              zep@thepalmalawgroup.com
                                              *Attorney for Plaintiff*